John F. CANNELLA, Claimant–
Appellant,

v.

R. James NICHOLSON, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 2006–7238.

United States Court of Appeals,
Federal Circuit.

Aug. 31, 2006.

John F. Cannella, pro se.

Before MICHEL, Chief Judge, MAYER and LINN, Circuit Judges.

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss John F. Cannella's appeal from the United States Court of Appeals for Veterans Claims' judgment in *Cannella v. Nicholson,* 04–1949, 2006 WL 1726443, for lack of jurisdiction. Cannella has not responded.

Cannella filed an appeal with the Court of Appeals for Veterans Claims, challenging the determination by the Board of Veterans' Appeals that a 1981 regional office (RO) decision that denied his claim for disability compensation for transverse myelitis was not clearly and unmistakably erroneous. The Court of Appeals for Veterans Claims affirmed the Board's decision. The Court of Appeals for Veterans Claims held that Cannella's challenges to the weight of the evidence could not constitute clear and unmistakable error and that there was no new and material evidence. The Court of Appeals for Veterans Claims held that the Board's decision regarding whether the RO failed to apply certain regulations to the facts of his case was not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Cannella's appeal does not satisfy any of the grounds for invoking this court's jurisdiction. Cannella's appeal challenges the weight of the evidence and the application of regulations to the facts of his case, issues outside of this court's jurisdiction. *See* 38 U.S.C. § 7292(d).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The motion to dismiss is granted.

(3) Each side shall bear its own costs.